IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROGER WEBB *et al.*                                                              PLAINTIFFS

v.                              4:08-CV-01048-WRW

RICELAND FOODS, INC.                                                             DEFENDANT

## ORDER

Pending is Plaintiffs' Motion to Remand (Doc. No. 9). Defendant has responded[1] and Plaintiffs have replied.[2] For the reasons set forth below, Plaintiffs' Motion is GRANTED.

**I.    BACKGROUND**

The United States Department of Agriculture ("USDA") announced in 2006 that low levels of genetically modified rice had been found in some commercial long-grain rice varieties. In response, Plaintiffs filed this class action on July 2, 2008, in the Circuit Court of Lonoke County, Arkansas. Plaintiffs assert that Defendant is liable for negligence, strict liability, and breach of contract. They seek compensatory, statutory double damages, and punitive damages, as well as interest, costs, and attorney's fees.[3] Defendant filed a Notice of Removal[4] and its Answer[5] on August 13, 2008. On September 12, 2008, Plaintiffs filed this Motion to Remand.[6] Plaintiffs assert that removal jurisdiction is improper under the Class Action Fairness Act of

---

[1]Doc. No. 14.

[2]Doc. No. 18.

[3]Doc. No. 2.

[4]Doc. No. 1.

[5]Doc. No. 3.

[6]Doc. No. 9.

2005 ("CAFA"),[7] because two-thirds or more of all proposed Plaintiffs and Defendant are citizens of Arkansas.[8] In addition, Plaintiffs contend that there is no federal question jurisdiction under 28 U.S.C. § 1331. Plaintiffs defined the putative class as "[a]ll persons or entities who engaged in the production of long-grain rice for sale in the State of Arkansas in 2006 . . . ."[9]

## II. DISCUSSION

### A. Burden of Proof

Plaintiffs and Defendant disagree on which party carries the burden. When considering a motion to remand, "the Court must resolve all doubts in favor of remand to state court."[10] If the complaint fails to allege a specific amount of damages, the defendant has the burden of establishing by a preponderance of the evidence that the amount in controversy requirement is met.[11] "'The complaint will be dismissed if it appears to a legal certainty that the value of the claim is actually less than the required amount.'"[12]

When an action is removed under CAFA, the burden of proof is on the defendant. In 2007, the Eastern District of Arkansas stated the following:

> Some courts have held that the Class Action Fairness Act shifts the burden from the defendant to the party seeking remand . . . The Supreme Court and the Eighth Circuit have not yet spoken on whether the burden of proof should be different under the Class Action Fairness Act than it is under traditional diversity. However, the District Court of North Dakota determined 'not to break from the well-established rule of law

---

[7] 28 U.S.C. § 1332(d)(4)(B).

[8] Doc. No. 10.

[9] Doc. No. 2.

[10] *Toller v. Sagamore Ins. Co.*, 558 F. Supp. 2d 924, 926-27 (E.D. Ark. 2008) (citing *In re Business Men's Assurance Co. of Am.*, 922 F.2d 181, 183 (8th Cir. 1993)).

[11] *Id.* at 927 (citing cases).

[12] *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003) (quoting *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000)).

that the removing party bears the burden of establishing federal subject-matter jurisdiction' because '[t]here is simply nothing in [the Class Action Fairness Act] that contemplates such a change.' *This Court agrees with the District Court of North Dakota.*[13]

However, *Toller* is distinguishable; it did not involve the "home-state controversy" exception[14] to CAFA. Defendant argues, and I agree, that the burden of proof shifts to a plaintiff when the exception applies.[15] Once the removing party establishes the amount in controversy and the existence of minimal diversity, the burden shifts to the other party to prove that the exception applies.[16] Plaintiffs concede that Defendants have proven that $5,000,000 is in controversy and at

---

[13]*Toller v. Sagamore Ins. Co.*, 514 F. Supp. 2d 1111, 1116 (E.D. Ark. 2007) (citing *Ongstad v. Piper Jaffray & Co.*, 407 F. Supp. 2d 1085, 1088 (D.N.D. 2006) (emphasis added).

[14]28 U.S.C. § 1332(d)(4)(B).

[15]While the Eighth Circuit has not decided the issue yet, other circuits have ruled that the burden shifts from the defendants to the plaintiffs under CAFA. See *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007) ("The well-established rule that the party seeking remand must prove the applicability of such exception governs with equal force in the context of CAFA as with the general removal statute."); *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 680 (7th Cir. 2006) ("[O]nce the removing defendants prove the amount in controversy and the existence of minimal diversity, the burden shifts to the plaintiffs to prove that the local controversy exception to federal jurisdiction should apply") (citations omitted); *Frazier v. Pioneer Ams. LLC*, 455 F.3d 542, 546 (5th Cir. 2006) (holding that "plaintiffs have the burden to show the applicability of the §§ 1332(d)(3)-(5) exceptions when jurisdiction turns on the application"); *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006) ("[W]hen a party seeks to avail itself of an express statutory exception to federal jurisdiction granted under CAFA . . . we hold that the party seeking remand bears the burden of proof with regard to that exception"). In addition, at least one district court in the Eighth Circuit agrees that plaintiffs carry the burden of proving the "home-state controversy" exception applies. See *Larsen v. Pioneer Hi-Bred Int'l, Inc.*, No. 4:06-CV-0077-JAJ, 2007 WL 3341698 (S.D. Iowa Nov. 9, 2007).

[16]*Hart*, 457 F.3d at 680.

least one member of the putative class is a diverse non-Arkansas citizen.[17] The burden now shifts to Plaintiffs to prove the exception.

**B. Mandatory Remand/Dismissal: Two-Thirds or More**

Plaintiffs argue that under the "home-state controversy" exception,[18] removal of this action was improper. Under CAFA, I must decline jurisdiction if (1) two-thirds or more of all class members, in the aggregate, are citizens of Arkansas, and (2) Defendant is a citizen of Arkansas.[19]

To support their position, Plaintiffs' counsel made a Freedom of Information Act ("FOIA") request to the USDA Farm Service Agency for a "list of Arkansas Rice Farmers which have received government subsidies for the calendar years of 2005 and 2006 and 2007."[20] Plaintiffs provided evidence that a total of 17,788 Arkansas rice farmers received government subsidy payments, and 15,742 of those payments (88.5 %) went to Arkansas addresses.[21]

In response, Defendant's counsel made a FOIA request and asked the USDA to duplicate the data retrieval that was performed for Plaintiffs' FOIA request. However, Defendant modified the search by asking for (1) only data regarding long-grain rice, (2) the records for all years from

---

[17]Doc. No. 10 ("For purposes of this motion to remand, plaintiffs concede the existence of the three elements asserted by Riceland, namely: that the amount in controversy exceeds $5 million; that at least one member of the plaintiff class is a diverse non-Arkansas citizen; and that there are more than 100 class members.").

[18]28 U.S.C. § 1332(d)(4)(B).

[19]*Id.*

[20]Doc. No. 10.

[21]Doc. No. 11.

2005 to 2008, and (3) records for other states as well.[22] Defendant's data from 2006 showed that only 47.2 % of the subsidy recipients had residence in Arkansas.[23]

It appears that Defendant's search terms are more appropriate in this situation. The phrase "Arkansas rice farmers" seems to yield only individuals residing in Arkansas. Plaintiffs' search terms produce a percentage of class members in excess of two-thirds; however, when including the true scope of Plaintiffs' class definition, that percentage is reduced to just under 50%. As Defendants point out, subsidy recipients from other states should be included in the calculation of the putative class, since these individuals could have engaged in the production of long-grain rice for sale in Arkansas. Plaintiffs fail to meet their burden by a preponderance of the evidence. Accordingly, mandatory remand is not proper in this case.

**C. Discretionary Remand/Dismissal: One-Third to Two-Thirds**

In the alternative, Plaintiffs argue that Section 1332(d)(3) of CAFA permits a federal court to decline jurisdiction if (1) between one-third and two-thirds of all class members, in the aggregate, are Arkansas citizens, and (2) Defendant also is a citizen of Arkansas. Both elements are present here.

CAFA sets out six factors to consider:

(A) whether the claims asserted involve matters of national or interstate interest; (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States; (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction; (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants; (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a

---

[22]Doc. No. 15.

[23]There are 18,623 people listed in Defendant's 2006 FOIA request. Of these people, 8,796 (47.2%) were residents of Arkansas.

substantial number of States; and (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.[24]

I will address these factors one at a time.

### 1. National/Interstate Interest

The first factor weighs in favor of denying remand if the claims involve matters of significant national or interstate interest. Plaintiffs contend that this case is about "long-grain rice grown in Arkansas in 2006" and points out that Arkansas produces more than 60% of all long-grain rice in the United States.[25] While this may be true, rice is transported through interstate commerce and consumed by people all across the United States and in foreign countries. In addition, the fact that hundreds of similar cases filed across the country have been consolidated into a Multidistrict Litigation proceeding is evidence that the alleged contamination of long-grain rice involves more than just Arkansas. Factor one favors weighs in favor of federal jurisdiction.

### 2. Claims Governed by Laws of Arkansas

Factor two favors remand if the claims are governed by the laws of the original forum state and not other states. Plaintiffs argue that only Arkansas state law claims are presented and no substantial issue of federal law is implicated here. Defendants' assert that Count Six of the Complaint contains a claim under the Federal Plant Protection Act ("FPPA") in addition to the Arkansas Crop and Research Facilities Protection Act ("ACRFPA"). However, Count Six merely

---

[24]28 U.S.C. § 1332(d)(3).

[25]Doc. No. 18.

mentions the FPPA.[26] The statutory negligence claim in Count Six is based on the ACRFPA. Factor two weighs in favor of remand.

### 3. Pleaded in Manner to Avoid Federal Jurisdiction

This factor focuses on intent -- whether the plaintiff pleaded the class action in a way to avoid federal jurisdiction. Defendant's argument is more convincing on this point. It appears that Plaintiffs have engaged in artful pleading in order to keep this action in the Circuit Court of Lonoke County, Arkansas. Plaintiffs attempted to revise their class definition post-removal to include only persons producing rice on land in Arkansas. In addition, Plaintiffs failed to name Bayer CropScience ("Bayer") as a defendant, despite referring to Bayer throughout the Complaint. As a citizen of another state and/or country, if Bayer was a named defendant, there would be sufficient basis for removal jurisdiction under CAFA. The third factor favors federal jurisdiction.

### 4. Distinct Nexus with Class Members/Alleged Harm/Defendants

Defendant does not contest this factor;[27] therefore, I need not provide an analysis. Discretionary remand is favored under factor four.

### 5. Number of Citizens in State Action Filed

Factor five favors remand if the number of class members in the forum state is, in the aggregate, "substantially larger,"[28] than the number of class members in any other state, and the

---

[26]Doc. No. 2.

[27]See Doc. No. 14 ("Riceland acknowledges that the case has been brought in a forum with a nexus with the claims alleged and the defendant, Riceland, which is headquartered in Arkansas.").

[28]28 U.S.C. § 1332(d)(3)(E).

out-of-state class members are dispersed among "a substantial number"[29] of states. Substantial is not defined in CAFA. Based on Defendant's FOIA search terms, almost half (47.2%) of "persons or entities who engaged in the production of long-grain rice for sale in the State of Arkansas in 2006" were domiciled in Arkansas. Defendant's FOIA results from 2006 included people who were residents of 45 different states and the District of Columbia ("D.C."). Of the 18,623 people listed, only 26% were from Louisiana, 9% from Texas, and 7% from Missouri.[30] Plaintiffs' class members are spread over a large number of states (45 and D.C.); therefore, I find that the number of class members from Arkansas is "substantially larger" than the number of class members from any other state, and the out-of state class members are dispersed among "a substantial number" of states. This factor weighs in favor of remand.

### 6. Other Class Actions

The sixth factor favors exercise of federal jurisdiction if class actions have been filed in the past three years asserting the same or similar claims. Defendant's brief cites the *Schafer* case recently brought against Defendant.[31] However, as Plaintiffs point out, *Schafer* is not a class action. The sixth factor requires that similar *class actions* have been filed in the past three years. There is no evidence in the record that any other similar class actions have been filed between 2005 and 2008. Factor six favors remand.

Four of the six discretionary remand factors weigh in favor of Plaintiffs' motion; consequently, Plaintiffs have met their burden under CAFA, and this case should be remanded.

---

[29]*Id.*

[30]In Defendant's results from 2006, Louisiana, Texas, and Missouri had the most entries after Arkansas.

[31]*Randy Schafer et al. v. Riceland Foods, Inc., et al.*, CV-2006-413. This case was brought in the Circuit Court of Lonoke County, Arkansas.

**D. Federal Question Jurisdiction**

Even if discretionary remand is available, I can still hear this case if federal question jurisdiction is present. Since CAFA does not apply to this issue, Defendant bears the burden of proof by a preponderance of the evidence.[32]

Defendant contends that federal question jurisdiction exists under 28 U.S.C. § 1331. Federal question jurisdiction depends on the strength of the federal interest and is appropriate where the (1) "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial,"[33] and (2) "a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[34]

Defendant argues that Plaintiffs' state law claim under the ACRFPA in Count Six of the Complaint implicates a substantial federal question.[35] In fact, Defendant contends that violation of federal regulations is the basis for the state law claim.[36] Defendant further asserts that whether it violated ACFRPA depends upon whether it violated the FPPA.[37] Yet Defendant cites no authority which necessitates interpretation of the FPPA in applying ACFRPA, and nothing in the ACFRPA or its annotations implicates the FPPA. As noted above, I see no reason why Plaintiffs' ACFRPA claim would involve the FPPA -- except possibly that Plaintiff mentioned FPPA merely in support of its claim under the ACFRA in Count Six of the Complaint. Plaintiffs'

---

[32]*Toller*, 558 F. Supp. 2d at 927.

[33]*Grable & Sons Metal Prod., Inc. v. Darue Eng'g. Mfg.*, 545 U.S. 308, 314 (2005).

[34]*Id.*

[35]Doc. No. 14.

[36]*Id.*

[37]*Id.*

passing reference to FPPA in the ACFRPA claim does not necessarily raise a federal issue -- disputed or substantial.

Having determined that Defendant's argument fails the first part of the test, I need not determine whether removal would threaten any congressionally approved balance of federal and state judicial responsibilities.

**CONCLUSION**

Based on the findings of fact and conclusions of law above, Plaintiffs' Motion to Remand (Doc. No. 9) is GRANTED. Accordingly, this case is REMANDED to the Circuit Court of Lonoke County, Arkansas.

IT IS SO ORDERED this 4th day of November, 2008.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE