**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**ROGER WEBB** *et al.*                                                                                       **PLAINTIFFS**

v.                                                    **4:08CV01048-WRW**

**RICELAND FOODS, INC.**                                                                                       **DEFENDANT**

## ORDER

Pending are Defendant's Motion for Reconsideration (Doc. No. 26) and Plaintiffs' Motion to Strike (Doc. No. 29). Defendant has responded.[1]

**I.     BACKGROUND**

In a November 4, 2008, Order,[2] I granted Plaintiff's Motion to Remand[3] concluding that discretionary remand was proper under the Class Action Fairness Act of 2005 ("CAFA").[4] I found that four of the six CAFA factors[5] weighed in favor of discretionary remand. Defendant filed the Motion for Reconsideration asserting that Plaintiffs' arguments on the sixth factor[6] "led the Court to reach the erroneous conclusion that there are no similar putative class actions pending in the MDL."[7] Defendant cites two class actions[8] in support and contends that "this case

---

[1]Doc. No. 32.

[2]Doc. No. 23.

[3]Doc. No. 9.

[4]28 U.S.C. § 1332(d)(4)(B).

[5]28 U.S.C. §§ 1332(d)(3)(B), (D), (E), and (F).

[6]28 U.S.C. § 1332(d)(3)(F).

[7]Doc. No. 27.

[8]See *Gary Heigle v. Bayer CropScience U.S., Bayer CropScience, L.P., Aventis CropScience USA, Inc., and Riceland Foods, Inc.*, No. 4:2006-CV-04093 (W.D. Ark. filed Oct. 18, 2006); *Lonnie Parson et al. v. Bayer CropScience, Bayer CropScience, LP, Aventis*

-1-

should remain in federal court to be coordinated with those cases." In their Motion to Strike, Plaintiffs argue that Defendant's reconsideration motion is untimely because "this Court lost jurisdiction over this case" as soon as a certified copy of the remand order was sent to the Circuit Court of Lonoke County, Arkansas.[9]

## II. DISCUSSION

### A. Timeliness of Motion for Reconsideration

Plaintiffs' assertion that the motion for reconsideration is untimely is without merit. Although the district court's decision on a motion to remand ordinarily is not appealable, CAFA creates a discretionary, interlocutory form of appellate review.[10] These appeal provisions are only available in class actions brought under CAFA.[11] An appeal from a motion to remand under CAFA must be filed "not less than 7 days after entry of the order."[12] In addition, the Seventh Circuit has held that filing a motion for reconsideration in the district court tolls the seven-day period until the district court can rule on the motion -- which essentially recognizes that a motion for reconsideration is a proper motion.[13]

Defendant filed a motion for reconsideration instead of using the CAFA appeal provisions, which is a proper alternative. Accordingly, Plaintiffs' Motion to Strike is DENIED.

---

*CropScience USA, Inc., and Riceland Foods, Inc.*, No. 4:06-CV-1078-GRE (E.D. Ark.. filed Aug. 28, 2006).

[9]Doc. No. 29.

[10]28 U.S.C. § 1453(c).

[11]*Saab v. Home Depot U.S.A., Inc.*, 469 F.3d 758, 759 (8th Cir. 2006).

[12]28 U.S.C. § 1453(c)(1).

[13]*Natale v. Gen. Motors Corp.*, No. 06-8011, 2006 WL 1458585, *1 (7th Cir. May 8, 2006)("GM did not petition this court within seven days of the district court's remand order, but that is simply because GM filed a motion for reconsideration of the remand. It did petition within seven days of the district court's order denying that relief.").

**B. Sixth Factor Under CAFA**

Defendant asserts that the sixth factor weighs in favor of federal jurisdiction. Initially, I concluded "[t]here is no evidence in the record that any other similar class actions have been filed between 2005 and 2008."[14] After reviewing Defendant's submission, it appears that other similar putative class actions are pending in the MDL. Specifically, Defendant refers to a master consolidated class action complaint in the MDL asserting similar allegations against Bayer CropScience.[15] In addition, *Heigle* and *Parson* are two similar MDL class actions pending in the Eastern District of Missouri.[16] These class actions were filed within the last three years and Defendant is a named party in both lawsuits.[17]

Because of this new information, three factors now favor discretionary remand, and three factors favor federal jurisdiction. However, CAFA's legislative history illustrates that the sixth factor carries great weight in the analysis:

> If other class actions on the same subject have been (or are likely to be) filed elsewhere, the Committee intends that this consideration would strongly favor the exercise of federal jurisdiction so that the claims of all proposed classes could be handled efficiently on a coordinated basis pursuant to the federal courts' multidistrict litigation process as established by 28 U.S.C. S 1407.[18]

Congress expressly recognized the importance in coordinating similar class actions.[19] As Defendant points out, "this factor weighs heavily in favor of federal court jurisdiction and should

---

[14] Doc. No. 23.

[15] Doc. No. 27.

[16] *Id.*

[17] *Id.*

[18] S. REP. NO. 109-14, at *36-37 (2005).

[19] Doc. No. 27.

tip the scales for the Court to exercise discretionary jurisdiction."[20] I agree. Consequently, Plaintiffs have not met their burden[21] under CAFA, and this case should remain in federal court.

**CONCLUSION**

Based on the findings of fact and conclusions of law above, Defendant's Motion for Reconsideration (Doc. No. 26) is GRANTED, and Plaintiffs' Motion to Strike (Doc. No. 29) is DENIED. Accordingly, the November 4, 2008, Order (Doc. No. 23) is VACATED, and Plaintiffs' Motion to Remand (Doc. No. 9) is DENIED. The clerk of the Court is directed to send a copy of this Order to the Judicial Panel on Multi-District Litigation and the Circuit Court of Lonoke County, Arkansas.

IT IS SO ORDERED this 17th day of November, 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[20]*Id.*

[21]As I held in the November 4, 2008, Order, the burden of proof is on the plaintiff when the "home-state controversy" exception to CAFA applies.